On its application for rehearing, the Hospital challenges specifically, for the first time, a statement of fact made by the plaintiff in her initial brief that she was "heavily sedated" at the time of the sexual assault upon her. On original deliverance, we had stated that the facts were "largely undisputed," and that the plaintiff "had undergone a procedure to remove kidney stones, and was heavily sedated with pain medication." This statement of the facts was taken primarily from the unchallenged statement of facts contained in the plaintiff's initial brief on appeal and the fact that the extent of the plaintiff's sedation was not made an issue during oral arguments in the case.[8] The Hospital, on its application for rehearing, does specifically challenge whether the plaintiff was "heavily sedated," and argues that the evidence does not support a finding that the plaintiff was, in fact, sedated. The Hospital now claims that the evidence shows affirmatively that the plaintiff was not sedated. We find otherwise.
Although the extent of her sedation, if any, we now know is seriously controverted, we find that there was some evidence from which the factfinder could have inferred that she was under sedation. In fact, there was some evidence that she was "highly sedated,"[9] as the plaintiff had stated in her initial brief and states in opposition to the Hospital's application for rehearing.
Because we now know that whether the plaintiff was sedated is controverted, we have modified the original opinion to so indicate. The modification of the original opinion and this extension of the opinion should eliminate any confusion that may have resulted from the statements made in the original opinion regarding the extent of the plaintiff's sedation at the time of the incident made the basis of this suit.
So there can be no misunderstanding of our holding in this case, we restate it. A hospital or health care provider owes a duty to a sedated or anesthetized patient, who, because of such condition and the circumstances surrounding it, is dependent upon the hospital or health care provider. Questions of foreseeability, of course, are for the factfinder. Also, any other factual disputes, such as whether the patient was or was not sedated or anesthetized, are also for the factfinder.
Battles has also filed an application for rehearing. We have reviewed it and find no reason to grant it.
OPINION MODIFIED AND EXTENDED; APPLICATIONS FOR REHEARING OVERRULED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[8] The extent of the plaintiffs sedation was not made an issue in this case until the Hospital filed its brief on application for rehearing. The plaintiff, in her first brief, had set out the facts, in part, as being that she had entered the hospital "for removal of kidney stones," and that she "was lying heavily sedated when she was sexually assaulted." The Hospital, in its brief, did not challenge these statements of fact that the plaintiff was in the hospital "for removal of kidney stones" and that she was "heavily sedated." At oral arguments in the case, the question of the extent of the plaintiff's sedation was not made a paramount issue. In fact, the audio tapes of the oral arguments show that there was an admission by one of appellees' counsel that Young at least had been given "a shot of Demerol," and several of the Justices, in referring to the particular relationship involved in the case, used the terms "drugged," "sedated," and "on drugs in the hospital," in framing questions to counsel, thereby indicating that the plaintiff's sedated condition seemed to have been a given fact.
[9] The following evidence of Young's condition was admitted during the trial, without objection:
 "Q: What was it that [Young] related to you happened to her at the hospital?
 "A: She was a patient in Huntsville Hospital because she had kidney stones. And when you have kidney stones, they usually sedate you until you pass them, and she was in bed and heavily sedated, and she came to and when she came to, there was a man standing over her who was fingering her vagina and this was very upsetting to her."
(R. 141-42). (Emphasis added).
We think a jury question was presented whether plaintiff was sedated at the time of the incident giving rise to this action.
 *Page 37